[Doc. No. 28]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Mag. No. 07-2050(JS) |
| | Crim. No. 07-452(JEI) |
| AGRON ABDULLAHU | Crim. No. 07-459-06 (RBK) |

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION**

This matter is before the Court on the Motion for Reconsideration filed by defendant Agron Abdullahu. The Motion is decided on the papers as defendant declined an opportunity for oral argument. For the reasons to be discussed Defendant's Motion is denied.

Background

Since the background of this matter is set forth in detail in this Court's May 24, 2007 Opinion Denying Defendant's Motion for Release on Bail and in Support of Detention Order (hereinafter "Opinion"), only a brief summary will be provided herein. See United States v. Abdullahu, ____ F.Supp.2d ____, 2007 WL 1556837 (D.N.J. 2007). On May 7, 2007, this Court signed a Complaint and Arrest Warrant naming defendant. The Complaint charged defendant with violating 18 U.S.C. §922(g)(5) and 2. Contemporaneously with the issuance of these documents the Court also signed five (5)

related Complaints and Arrest Warrants naming the "other charged individuals." The complaints relate to an alleged conspiracy to attack personnel at the Fort Dix Army Base. The defendant was arrested on May 8, 2007 and an Order of Temporary Detention was entered and in effect until defendant's detention hearing was held on May 17, 2007. On that date the Court found that no condition or combination of conditions would reasonably assure defendant's appearance and the safety of the community and entered an Order of Detention.

On May 30, 2007, defendant filed an "Appeal of Denial of Bail." On June 6, 2007 (Crim. No. 07-452 (JEI)), the Honorable Joseph E. Irenas, S.U.S.D.J., entered an Order denying defendant's appeal without prejudice because defendant did not file a Motion for Reconsideration of his Order of Detention pursuant to L. Civ. R. 46.1(b)(2). On June 11, 2007, defendant filed a Motion for Reconsideration of the June 6, 2007 Order. Judge Irenas denied the Motion and ruled that, "Defendant should have first moved before the Magistrate Judge for reconsideration of the denial of his bail request before appealing to this Court."

On June 15, 2007, defendant filed his Motion for Reconsideration of Bail with this Court. The government filed its reply on June 18, 2007.

Discussion

Defendant's Motion is governed by L. Crim. R. 1.1 which

2

provides that L. Civ. R. 7.1(i) "is applicable to criminal cases tried in the District of New Jersey."  See also United States v. Curry, Crim No. 04-280(FSH), 2006 WL 1320083, at *1 (D.N.J. 2006). A Motion under Rule 7.1(i) may be granted only if:  (1) there has been an intervening change in the controlling law; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or to prevent manifest injustice. North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995); Anderson v. Correctional Med. Servs., Civ. No. 04-3410(GEB), 2007 U.S. Dist. LEXIS 43564, at *3 (D.N.J. 2007).  A motion for reconsideration is an "extremely limited procedural vehicle." Resorts Intern., Inc. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 (D.N.J. 1992).  Indeed, reconsideration is "an extraordinary remedy" and is granted "sparingly." NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).  The operative term in Rule 7.1(i) is "overlooked." Resorts Intern., Inc., 830 F. Supp. at 831.  The purpose of a motion for reconsideration is to correct errors of law or to present "newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3rd Cir. 1985).  A reconsideration motion is improper when it is used "to ask the Court to rethink what it had already thought through--rightly or wrongly." Ciba-Geigy Corp. v Alza Corp., Civ. No. 91-5286, 1993 WL 90412, at *1 (D.N.J. 1993)(citation omitted).

3

Defendant's Motion for Reconsideration is denied because it does not raise any facts or law that have not already been thoroughly considered and analyzed by this Court. The focus of defendant's argument is that, "[i]t cannot be stressed enough ... that Mr. Abdullahu has <u>only</u> been charged with facilitating the possession of a firearms offense and nothing else." Brief at 1-2 (emphasis added). Defendant also argues that he "has not been charged with engaging in any terrorist activity." <u>Id</u>. at 2. Although defendant emphasizes these points in his Brief, the differences in the charges against defendant in comparison to the other charged individuals is manifestly obvious. Since this fact was specifically discussed in the Court's Opinion it could not have been "overlooked." Indeed, this Court acknowledged that it was "not alleged that defendant stated he would participate in the actual attack [on Fort Dix]." <u>Abdullahu</u>, at *2.[1]

One new fact development that occurred subsequent to the issuance of the Court's Opinion is that defendant's indictment did not include any new charges that were not already identified in the May 7, 2007 Complaint. <u>See</u> <u>U.S.A. v. Schnewer, et al.</u>, Crim No. 07-459 (RBK). Although the fact that defendant was not indicted as of May 17, 2007 was cited in this Court's Opinion (<u>Abdullahu</u>, at

---

[1] This Court also wrote, "The charges against defendant arise in the context of the government's claim that the <u>five other charged individuals</u> conspired to attack soldiers or other personnel at the United States Army Base in Fort Dix, Burlington County, New Jersey." <u>Id</u>. at *2 (emphasis added).

4

*9), it certainly was not a determinative factor upon which this Court's decision was based. Defendant attempts to minimize the role he allegedly played in the context of the alleged plot to attack Fort Dix. That is why defendant focuses on only the specific firearms offense with which he is charged. However, when it determines if bail is appropriate this Court must consider the "nature and circumstances" of the offense charged. See 18 U.S.C. §3142(g). ("By directing a Court to examine the nature and circumstances of the charge rather than just the charge itself, Congress intended for courts to examine a defendant's actions in the context of all relevant evidence." Abdullahu, at *5). An analysis of the entire context of defendant's alleged conduct, rather than just the "four corners" of the charged offense, provided this Court with a firm basis upon which to conclude that defendant should be detained. For the reasons discussed in detail in the Opinion, the Court rejects defendant's argument that he simply, "facilitat[ed] the possession of a firearms offense and nothing else." Brief at 1-2.

Defendant also argues the Court did not subject the government's proffer to "any scrutiny in an attempt to determine the reliability and accuracy of the accusations." Brief at 2. This argument is meritless. First, defendant had an ample opportunity to contest the veracity of the evidence the government proffered before, during and after his detention hearing. To date,

5

the only specific challenge raised by the defendant is that there was a typographical error in a transcript. Not only is this error immaterial to the issues in dispute, but this Court assumed for purpose of its analysis that defendant was correct. Id. at *3 n. 2. Second, the Court properly exercised its discretion to accept the government's proffer rather than requiring that live evidence be presented. The decision whether to require evidence by live testimony or by proffer is within the discretion of the Court. United States v. Delker, 757 F.2d 1390, 1395 (3d Cir. 1985). If a Court is dissatisfied with a proffer, it may insist upon direct testimony. Id. Moreover:

> [T]he magistrate or judge possesses adequate power to reconcile the competing demands of speed and of reliability, by selectively insisting upon the production of the underlying evidence or evidentiary sources where their accuracy is in question. Through sensible exercise of this power of selection, the judicial officer can make meaningful the defendant's right to cross-examine without unnecessarily transforming the bail hearing into a full-fledged trial or defendant's discovery expedition.

U.S. v. Accetturo, 783 F.2d 382, 389 (3d Cir. 1986) (quoting U.S. v. Acevedo-Ramos, 755 F.2d 203, 207-08 (1st Cir. 1985)). In this Court's view, the defendant's general unsupported accusation that the government's evidence is untrustworthy did not justify requiring the government to produce extensive discovery or to present live witnesses at the detention hearing. That is why this Court wrote that it "made an independent determination of the

reliability of the government's proffer and determined that the proffer was sufficiently reliable that live testimony was not necessary."  Abdullahu, at *3 n. 4 (citations omitted).

Defendant's reliance on United States v. Gatto, 729 F.Supp. 1478 (D.N.J. 1989), is misplaced.  Defendant argues Gatto stands for the proposition that, "defendants are entitled to all exculpatory information in the [requested] documents, including impeachment evidence of government witnesses." Brief at 3, quoting Gatto, 729 F. Supp. at 1482.  However, defendant does not cite to the portion of the Gatto decision holding that, "[b]ecause the case is at the pretrial detention stage, and not in full discovery, defendants are further limited in what materials they may subpoena."  Id. at 1481.  The Court, citing to Third Circuit precedent, specifically noted "that a pretrial detention hearing is not intended to serve as a vehicle for discovery from the government."  Id.  Furthermore, this Court's Opinion noted that the first time defendant requested a copy of any recording was in the middle of the May 17, 2007 detention hearing.  Abdullahu, at *3. For the reasons already stated, even if defendant had requested the production of all of the government's videotaped activity and recorded conversations before the detention hearing, which was not done, the request would have been denied.  In due course defendant will obtain the requested evidence pursuant to the Discovery Order entered in the case.   In addition, it is worth noting that

7

defendant is not without recourse if, as he alleges, "there is exculpatory information contained in certain of the videotaped activity and recorded communications...." Brief at 3. Pursuant to 18 U.S.C. §3142(f)(2), the defendant has the right to reopen his detention hearing, "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the [bail] issue...."

Moreover, it is significant that defendant does not challenge the accuracy of his post-<u>Miranda</u> statement where he admitted his role in knowingly supplying firearms and ammunition to illegal aliens, his discussions with another charged defendant about attacking a military base, his presence during discussions about "Jihad," his viewing of what is described as terrorist videos, and his participation in two trips to the Pocono Mountains with the other charged individuals where they conducted firearms training. The defendant's own statements, rather than the hearsay statements of the other charged individuals, or tape or video recordings of defendant, was the most compelling evidence this Court relied upon to support its finding that defendant is a risk of flight and a danger to the community.

Defendant does not cite to any new material facts or law that changes this Court's opinion that defendant presents a significant flight risk. This Court's Opinion discussed in detail the fact that plaintiff has the means, motive and opportunity to flee. The

fact that defendant can now post $10,000 in cash for bail instead of $5,000 is immaterial.  Defendant argues the Court should reconsider its detention Order because he confirmed with Pretrial Services that GPS monitoring is available and this "should alleviate any concerns this Court had about Mr. Abdullahu somehow evading the electronic monitoring system."  Brief at 3 n.2.  For the same reasons discussed in the Court's Opinion (Abdullahu, at *9), the Court also rejects this argument.  See United States v. Anderson, 384 F.Supp.2d 32, 41 (D. Col. 2005)(denying bail because of a concern that the defendant "could frustrate even a GPS-based monitoring system, at least for a period of time sufficient to allow him to flee"); United States v. Benatar, No. 02-cr-99(JG), 2002 WL 31410262, at *3 (E.D.N.Y. 2002)(a GPS system, while technologically sophisticated, is ultimately just another form of electronic surveillance, and monitoring equipment can  easily be rendered inoperative or may become so by mechanical failure).  A GPS monitoring system, akin to traditional electronic monitoring, impedes but does not eliminate a defendant's ability to flee.

9

Conclusion

In sum, defendant's Motion does not present any new facts or law that this Court overlooked in its Opinion. This Court is also convinced that it did not make an error of law and that manifest injustice did not result from its ruling. Accordingly, for all the foregoing reasons, it is hereby ORDERED this 21st day of June, 2007, that defendant's Motion for Reconsideration is DENIED.[2]

                                      s/Joel Schneider
                                      JOEL SCHNEIDER
                                      United States Magistrate Judge

---

[2] This Court is of course aware of the allegations in the government's reply brief concerning the troublesome "graffiti images defendant etched into his prison cell door, and his manipulation of a metal light switch plate which could be used as a weapon. Even before this evidence was available this Court determined detention was appropriate. This newly acquired evidence buttresses the correctness of this Court's decision.